

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Mary Setzer*  *Suite 400*  *DIRECT: 410-209-4803*
*Assistant United States Attorney*  *36 S. Charles Street*  *MAIN: 410-209-4800*
*Mary.Setzer@usdoj.gov*  *Baltimore, MD 21201-3119*  *FAX: 410-962-3091*

February 24, 2022

**VIA ECF**

Honorable Catherine C. Blake
United States District Judge
District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

      Re:    *United States v. Oyekanmi Oworu,*
             Criminal No. CCB-20-205

Dear Judge Blake:

      On July 21, 2020, the Defendant was Indicted in the United States District Court for the District of Maryland and charged with Count 1-Bank Fraud Conspiracy, in violation of 18 U.S.C. § 1349, and Count 5-Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. On March 4, 2021, a Superseding Indictment was returned, including the same charges against this Defendant. On December 1, 2021, the Defendant entered a plea of Guilty to Counts 1 and 5 of the Superseding Indictment.

      The Sentencing hearing in the above-captioned matter is currently scheduled for March 10, 2022, at 9:15 a.m. As calculated in the Presentence Investigation Report ("PSR"), the Defendant's offense level is 26 and his criminal history category is II, resulting in an advisory USSG sentencing range of 70 to 87 months of incarceration.

      The Government requests a total sentence of 3 years (36 months) of incarceration, which is significantly below the advisory U.S.S.G. range. In addition to a period of incarceration, the Government requests a period of four (4) years of supervised release, restitution in the amount of $262,653.87, and a special assessment of $100.

      The Government submits that its requested sentence is sufficient, but no greater than necessary, to satisfy the purposes set forth in 18 U.S.C. 3553(a).

### I.     18 U.S.C. § 3553(a) Sentencing Factors

The Government's requested sentence of 36 months incarceration is supported by the factors outlined in 18 U.S.C. § 3553(a).  First, as to "the nature and circumstances of the offense and the history and characteristics of the defendant;" under 18 U.S.C. § 3553(a)(1), the Government submits that the offense conduct was serious, long-lasting, and pervasive.

Beginning in at least February 2017 and continuing through his arrest in July 2020, was involved in a complex scheme which defrauded numerous individuals, businesses, and banks.  As detailed in his plea agreement, the Defendant and his co-conspirators engaged a scheme to defraud in which they fraudulently obtained checks made out to legitimate businesses, then fraudulently registered businesses to obtain state business certificates in a name identical or similar to the name of the legitimate businesses to which the fraudulently obtained checks were made payable.

The Defendant used the Internal Revenue Service's (IRS) Modernized Internet Employer Identification Number (Mod EIN) in combination with the fraudulently obtained social security numbers (SSNs) of individual victims to obtain an EIN for a business. The state business certificates and EINs enabled the Defendant to then open bank accounts in the name of the shell entities they registered for the purpose of depositing the fraudulently obtained checks, and thereafter withdrawing the proceeds.

This scheme to defraud compromised the identification information of over 50 individual victims, and the Defendant and his co-conspirators established approximately 50 fraudulent/shell businesses to further the scheme.

During the course of the scheme to defraud, the Defendant communicated with co-conspirators about the disposition of proceeds from the scheme, including the money he would personally receive for opening fraudulent bank accounts and depositing stolen checks.  For example, on May 2, 2019, the Defendant sent Babatunde Ajibawo a series of WhatsApp messages concerning the disposition of the proceeds from the scheme.  Ajibawo replied with the following message: "According to Niyi he said the guy is expecting a little over 10k....beside the house is on hold for deposit verification.....been told to call from 7am to the holding department."  The Defendant responded by repeating the breakdown of the funds and asking Ajibawo to send $3,000 to him and the balance to another co-conspirator in Fayetteville, Georgia.

Additionally, regarding the history and characteristics of the Defendant, the Government notes that many defendants involved in other federal crimes have dire family life circumstances that lead them to the path of crime.  Defendant does not have that similar life that led to his crimes. He had a comfortable residence, supportive family, and good education, which afforded him the opportunity to obtain steady employment on numerous occasions, i.e., the defendant had sufficient financial resources.  *See* PSR ¶¶ 46-56, 67-74.  On balance, the history and characteristics of defendant make clear that he has lived a stable life with family support and had adequate education and financial resources to live a law-abiding life.

Second, under 18 U.S.C. § 3553(a)(2)(B), there is a need "to afford adequate deterrence to criminal conduct."  A sanction needs to be imposed to send a signal to others who would

contemplate engaging in bank fraud. A sentence of 3 years for such a long-lasting, several year fraud scheme deters others.

The "kinds of sentences available" under 18 U.S.C. § 3553(a)(3) also justifies the sentence that the Government seeks. The maximum penalty for Count One is 30 years of incarceration. Because the Defendant has also entered a guilty plea to Aggravated Identity Theft under 18 U.S.C. § 1028A, there is a mandatory sentence of twenty-four (24) months consecutive to a sentence on any other count. The Government requests that the Court sentence the Defendant to twelve months as to Count One, and twenty-four months consecutive to Count One on Count Five (the Aggravated Identity Theft).

Finally, co-defendant Babatunde Ajibawo was sentenced by this Court on December 8, 2021, after having pleaded guilty to Conspiracy to Commit Bank Fraud. Defendant Ajibawo received a sentence of forty-eight (48) months incarceration, to be followed by four (4) years of supervised release. The Court indicated on the record and in its statement of reasons that Ajibawo received a variant sentence of 48 months because of the "severity of conditions of pretrial confinement" and the "likely period of detention awaiting deportation."

Defendant Ajibawo admitted that he was a manager or supervisor of the criminal activity; his overall U.S.S.G. called for a range of imprisonment of 70-87 months. Ajibawo was a criminal history category I.

While Defendant Oyekanmi Oworu was not a manager or supervisor of this scheme, he has *not* been detained pre-trial and has not suffered the severe incarceration conditions due to Covid-19 that Ajibawo had already suffered at the time of his Sentencing. Oworu will not be deported after he serves his sentence and will not serve an additional period of confinement awaiting deportation. Additionally, Oworu is a criminal history category II, not a criminal history category I, like Ajibawo. Therefore, a sentence of 36 months for this Defendant will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, as called for by 18 U.S.C. § 3553(a)(6).

## II.     Advisory United States Sentencing Guidelines

The Government agrees with the calculation of the United States Sentencing Guidelines (U.S.S.G.) completed by the Probation Office and included in the Presentence Report, and submits that the Defendant's advisory guideline calculation is as follows:

| | | |
|---|---|---|
| Base Offense Level: | 7 | (§§ 2X1.1, 2B1.1) |
| Adjustment for Loss Calculation: | +18 | (§2B1.1(b)(1)(I), >$3.5 million < $9.5) |
| Adjustment for Number of Victims: | +2 | (§2B1.1(b)(2)(A), more than 10 victims) |
| Adjustment for Sophisticated Means: | +2 | (§2B1.1(b)(10)(C)) |
| Final Base Offense Level: | =29 | |

      Acceptance of Responsibility          -3     (§ 3E1.1)

      Final Offense Level                  **=26**

The Government has also carefully considered the defendant's criminal history in determining that a recommendation of 36 months is sufficient, but no greater than necessary, is appropriate. It is the Government's position that any argument that the Defendant's minimal criminal history should mitigate in favor of a sentence below this fails to recognize the severity of the Defendant's repeated and pervasive fraudulent activity that would have likely continued had he not been arrested.

### III.    Victim Impact

The Government has notified the victims about the sentencing hearing; some have submitted victim impact statements, which were previously forwarded to the Court and will be sent again to the Court and counsel in anticipation of the instant sentencing. It is unknown whether other victims wish to address the Court at sentencing, and/or attend the sentencing hearing. Of course, as victims of the offense, they are entitled to do any/all of the above. See, 18 U.S.C. § 3771. As soon as the Government is aware, we will advise the Court.

In response to victim notifications, the Government has received dozens of phone calls from victims, who have universally expressed that they are very upset by the conduct of the Defendant and his co-conspirators and that following up to ensure their identities/businesses have not been further compromised has been quite burdensome for them.

### IV.    Restitution Request

Pursuant to 18 U.S.C. § 3663A and U.S.S.G. §5E1.1, restitution shall be ordered in this case. As such, the United States respectfully requests that an Order of Restitution be entered, as part of the Defendant's sentence in this matter, in the total amount of $262,653.87, as further delineated below.

With respect to restitution, the plea agreement provides the following:

> The Defendant agrees to the entry of a restitution order for the full amount of the victims' losses, which the parties stipulate is *at least* $756,175.30. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation….

ECF 112 at 17.

The Statement of Facts attached to the plea agreement as Attachment A describes how money was successfully withdrawn from various bank victims by the Defendant and his co-conspirators, and that the Defendant and his co-conspirators split the proceeds of the money they were able to withdraw.

Following detailed investigation and inquiry of various financial institutions as to the losses they sustained as a result of this fraud scheme, the Government requests restitution to be allocated to specific bank victims as follows. Each of these banks have submitted a request for restitution and documentation in support of this request, which in turn, have been provided to the Defendant in discovery:

- Andrew's Federal Credit Union - $13,054.92
- Citi Bank - $6,998.95
- Columbia Bank - $39,893.64
- Fulton Bank - $642.17
- FVC Bank - $74,482.22
- Heritage Bank - $25,380.35
- Homestreet Bank - $60,710.00
- PNC Bank - $29,960.86
- SECU - $10,306.37
- United Bank - $1,224.39

The Government will provide contact information for the payment of restitution to these bank victims to the Courtroom Deputy via a separate document.

### V.  Conclusion

For the reasons set forth above, the government respectfully submits that 36 months incarceration and 4 years of supervised release is a reasonable sentence, and is sufficient, but not greater than necessary to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a)(2).

Very truly yours,

Erek L. Barron
United States Attorney

/s/
Mary W. Setzer
Judson T. Mihok
Assistant United States Attorneys